UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

WAVERLY GEORGE GUYTON,

    Plaintiff,

    v.

SALVADORE VASQUEZ, et al.,

    Defendants.

Case No. 2:26-CV-282-GSL-JEM

## OPINION AND ORDER

On June 24, 2026, this Court's Order denying Plaintiff's Motion for a Temporary Restraining Order was entered. [DE 7]. On that same day, Plaintiff filed his Notice of the State Court's Recusal, his Motion for Reconsideration, and his Brief in Support of the Motion for Reconsideration. [DE 8; DE 9; DE 10]. On July 1, 2026, Plaintiff filed his Notice of Non-Consent to the Magistrate Judge and his Motion for Review of the Magistrate Judge's Decision. [DE 19; DE 20]. On July 14, 2026, Plaintiff filed another Motion for Review of the Magistrate Judge's Decision. [DE 25]. On July 20, 2026, Plaintiff filed his Notice of Request for Urgent Ruling on Motion for Reconsideration and Notice of Competing Deadlines and his Notice of Renewed Objection to Magistrate Orders. [DE 27; DE 28]. The Court has reviewed each and is ready to rule.

### *Background*

Plaintiff is being prosecuted in Lake County Superior Court, Case No. 45G01-2305-F5 000247, for battery resulting in serious bodily injury and residential entry. *See* Case No. 45G01-2305-F5-000247, available at mycase.IN.gov. Plaintiff requested this Court stay the state court prosecution, alleging that the state's criminal prosecution is in bad faith because the state has

withheld evidence, failed to show up for depositions, fabricated evidence, and did not disclose a conflict of interest. However, the Court denied that request at [DE 7]. Since then, Plaintiff has filed numerous motions and notices requesting reconsideration of the Court's Order at [DE 7] and challenging the Magistrate Judge's authority. Each will be discussed in turn.

*Discussion*

I.      Motion for Reconsideration Briefing, [DE 8; DE 9; DE 10]

a.  Legal Standard

Plaintiff brings his Motion for Reconsideration under Rule 54(b), however, that is the incorrect rule under which to request reconsideration. Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Pro. 54(b). The Court does not understand why Plaintiff requests relief under Rule 54(b), and instead, will analyze his request for reconsideration under the appropriate rule, Rule 59(e).

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e).  However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case …". *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v.*

2

*Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)).

   b. Plaintiff's Briefing

At [DE 8], Plaintiff filed a Notice of the State Court's Recusal. In it, he indicates that the underlying state court judge recused himself due to Plaintiff's federal lawsuit filed against him. Plaintiff argues that is confirmation of the structural bias and conflict of interest alleged in his Complaint. The Court disagrees. Plaintiff provides no evidence that the state court judge recused because structural bias existed or because the state court judge had a conflict of interest. The state court judge, according to Plaintiff's own briefing, recused solely due to the existence of a federal lawsuit. Plaintiff's argument that this recusal is evidence of the state court judge's structural bias or conflict of interest fails.

Moving to [DE 9], Plaintiff alleges that the state court judge's recusal supports his Motion for Reconsideration because it is an admission of the state court judge's conflict of interest. [DE 9, Page 1]. As discussed above, the Court disagrees with that assessment. Next, Plaintiff states that there will be no successor judge assigned or action taken for 30 days following that recusal and that the delay is a total breakdown of the state process because evidence will be destroyed, which satisfies irreparable harm. [*Id.* at 2]. Plaintiff argues that this creates a situation in which he has an inadequate state forum, because the state court is incapable of providing an adequate hearing, and that the loss of electronically stored information cannot be

3

restored, which, again, creates irreparable harm. [*Id.*]. Plaintiff's Supplement Brief in Support of the Motion for Reconsideration, [DE 10], repeats the same arguments found in [DE 9].

The Court disagrees with Plaintiff's arguments. A 30-day delay due to a judicial recusal does not mean that a state court is incapable of providing an adequate hearing, as a hearing will be held after that 30-day delay. Further, Plaintiff's argument that requisite evidence will be destroyed due to this 30-day delay is also unavailing, as there is simply no evidence that will in-fact, and inevitably, occur.

Plaintiff neither established (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *See Cincinnati Life Ins. Co.*, 722 F.3d at 954 (quoting *Blue*, 698 F.3d at 598). For these reasons, his Motion for Reconsideration, [DE 9], is DENIED.

II.    Non-Consent to the Magistrate Judge, and Requests to Review the Magistrate Judge's Decisions, [DE 19; DE 20; DE 25; DE 27; DE 28].

a.   Legal Standard

Plaintiff brings his Non-Consent to the Magistrate Judge and Requests to Review the Magistrate Judge's Decisions Motions under 28 U.S.C. § 636(c), Fed. R. Civ. Pro. 72(a), and Fed. R. Civ. Pro. 73. [DE 19 at 1; DE 20 at 1; DE 25 at 1; DE 27 at 1]. However, here, it is General Order No. 2022-31 that provides magistrate judges with legal authority to decide non-dispositive motions, which states:

> IT IS FURTHER ORDERED THAT all non-dispositive pretrial matters and motions in a case, other than as excepted in General Order 2022-30, shall be hereafter automatically referred to the United States Magistrate Judge assigned to the case. The United States Magistrate Judge shall promptly hear and determine such matters and motions prescribed by Local Rule 72-1.

In re: Utilization of United States Magistrate Judges, Gen. Order No. 2022-31 (N.D. Ind. Dec. 20, 2022). *See* 28 U.S.C. § 636(b)(1)(A).

    b.   Plaintiff's Briefing

At [DE 19], Plaintiff asserts that he does not consent to a magistrate judge conducting any further dispositive proceedings, including the adjudication of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff further states that he has not received the Notice of Availability form from the Clerk, but filed this motion to ensure all dispositive matters are reserved for the Article III judge. The Court agrees with Plaintiff, that he did not consent to a magistrate judge conducting dispositive proceedings, but clarifies that at no point has that occurred in this case. Further, and as the docket indicates, it was this Article III Judge, not a magistrate judge, who decided the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and issued the Order at [DE 7]. The Court notes that when Plaintiff receives the Notice of Availability form, he will still need to fill that out.

At [DE 20], Plaintiff objected to Magistrate Judge Martin's June 30, 2026 Order at [DE 13], which Plaintiff alleges granted Defendants an extension until August 10, 2026. However, [DE 13] is a Notice of Appearance of Counsel for Defendants Douglas Drummond and the City of Gary filed on June 29, 2026. Plaintiff appears to have attempted to object to [DE 17], which was issued by Magistrate Judge Martin on June 30, 2026 and granted Defendants Drummond and City of Gary until August 10, 2026 to respond to Plaintiff's Complaint. According to Magistrate Judge Martin, Plaintiff objected to Defendants Drummond and City of Gary's request for an extension because "this matter is related to a state court case and should not need additional time to respond." [DE 17 at 1]. Magistrate Judge Martin noted that this was a new action, not an action removed from state court, and found that counsel for Defendants

Drummond and City of Gary in this action had shown good cause for the requested extension. [*Id.*].

In [DE 20], Plaintiff objects to this Order on several grounds. First, Plaintiff argues that Magistrate Judge Martin's Order at [DE 17] is silent as to the Plaintiff's Emergency Motion for TRO, but this Court had already resolved that Motion by denying it in [DE 7]. Next, Plaintiff argues that by granting the extension until August 10, 2026, Magistrate Judge Martin effectively denied the injunction, which is improper since "that power [is] reserved exclusively for the district judge." [DE 20 at 2]. Again, it was this Court who denied the injunction in [DE 7], which leaves only the Complaint for Defendants to respond to. Magistrate Judge Martin did not act improperly.

Plaintiff further argues that Defendants had not demonstrated good cause to delay a response to an emergency constitutional challenge for six weeks. [DE 20 at 2]. Because this Court denied Plaintiff's injunction at [DE 7], Defendants cannot respond to it; it is no longer a live motion. The only thing Defendants need to respond to is the Complaint. Additionally, this Court agrees with Magistrate Judge Martin's finding of good cause.

Plaintiff also argues that Magistrate Judge Martin mischaracterized the posture of the case by classifying it as a "new action" when Defendants have known about the underlying facts for over a year, and therefore, no good cause exists for a 42-day delay. [DE 20 at 2]. The Court agrees with Magistrate Judge Martin's assessment that this is a new matter, because it was not removed from state court, regardless of when Plaintiff believes Defendants became aware of this matter. Again, this Court agrees with Magistrate Judge Martin's finding of good cause.

Finally, Plaintiff argues that there is an absence of good cause under Fed. R. Civ. Pro. 6(b) to stay an emergency constitutional inquiry for six weeks. The Court reiterates that the

injunction is not pending and was denied at [DE 7], and the Court agrees with Magistrate Judge Martin's finding of good cause. Having reviewed each of Plaintiff's objections contained within [DE 20] to Magistrate Judge Martin's Order at [DE 17], each are denied, and Magistrate Judge Martin's Order will stand.

Plaintiff's next motion was filed at [DE 25] and objects to Magistrate Judge Martin's Order at [DE 23], which granted Defendants Salvador Vasquez and Bernard Carter an extension of time to respond to the Complaint until August 10, 2026. [DE 25 at 1]. Plaintiff first requests this court review Magistrate Judge Martin's Order under a de novo standard, instead of a more deferential standard, because the extensions directly affect Plaintiff's ability to secure injunctive relief and prevent the spoliation of evidence. However, as previously stated, the injunction is not a live motion because this Court denied it at [DE 7]. Further, there is no evidence that the extension will lead to a spoliation of evidence. Plaintiff's argument for a higher standard of review fails.

Plaintiff alleges that Magistrate Judge Martin made an erroneous finding of good cause, because Plaintiff believes that the request for an extension is a tactical delay, not a legitimate administrative necessity. [DE 25 at 1]. However, the Court agrees with Magistrate Judge Martin's finding of good cause. Next, Plaintiff argues that Magistrate Judge Martin's Order was issued during the period while state court proceedings are "frozen," but this is of no relevance, because state court proceedings bear no impact on the federal court proceedings.

Plaintiff further argues that he is prejudiced by this extension as it allows Defendants to maintain a discovery blockade across two jurisdictions and is concerned that "time-sensitive digital evidence" will be overwritten and destroyed. [DE 25 at 2]. In this case, Magistrate Judge Martin issued an order directing the parties to "take reasonable steps to preserve electronically

7

stored information (ESI) that is relevant to any claim or defense in this case, whether or not the information is admissible at trial" including all discovery relating back to the point in time when the party or attorney reasonably anticipated litigation about these matters. [DE 29]. Therefore, the Court is unconvinced Plaintiff is prejudiced by the extension in this matter. Having reviewed each of Plaintiff's objections contained in [DE 25] to Magistrate Judge Martin's Order at [DE 23], each are denied, and Magistrate Judge Martin's Order will stand.

At [DE 27], Plaintiff filed a motion titled "Request for Urgent Ruling on Motion for Reconsideration [DOC. 9] and Notice of Competing Deadlines." In it, he discusses that his Motion for Reconsideration of the Temporary Restraining Order, [DE 9], was based on a "Total Procedural Breakdown in State Forum," but as discussed in the Motion for Reconsideration section, the Court does not find that has occurred. Plaintiff also alleged that the injunctive relief he requested remained unaddressed for 26-days while Magistrate Judge Martin granted all Defendants extensions until August 10, 2026. [DE 27]. Contrary to this assertion, the Court ruled on Plaintiff's request for a Temporary Restraining Order on June 24, 2026 at [DE 7].

Plaintiff next argues that he will suffer irreparable harm by being forced to participate in the proceedings scheduled for July 30, 2026 in the state court matter, where "procedural inadequacy" has already been confirmed. [DE 27]. First, the fact that the proceedings have been scheduled for July 30, 2026 is evidence that there has not been a total procedural breakdown in the state court matter. Second, and as the Court has already indicated, the Court disagrees with Plaintiff's assessment that the state court judge's recusal was an admission of structural bias or a conflict of interest. Plaintiff also requests that the assigned magistrate judge not rule on his injunctive relief request. At no point has that occurred. Plaintiff's Motion, [DE 27], is DENIED.

Finally, at [DE 28], Plaintiff filed a motion titled "Renewed Objection to Magistrate Orders and Notice of Ripeness Involving Allegations of Fabricated Evidence." First, Plaintiff asserts that his Objections at [DE 20] are ripe and that because Defendant Drummond did not respond to them that they should be granted. However, the Court made its own assessment of the Plaintiff's arguments within [DE 20] and found them to be unavailing, as discussed above. Next, Plaintiff argues that Magistrate Judge Martin ignored his objections in [DE 24] and issued an additional extension at [DE 23]. It would appear that Plaintiff filed his objections in [DE 24] after Magistrate Judge Martin had already issued his Order in [DE 23], but this is of no matter, because regardless of Plaintiff's objections, Magistrate Judge Martin found that good cause for the extension existed.

Plaintiff requests that this Court "sustain the July 1 Objection, vacate the July 16 Order, and set an emergency status conference to address the fabrication of evidence and the discovery blockade." The Court declines to do so, for the reasons previously discussed in this Order. Plaintiff's Motion, [DE 28], is DENIED.

*Conclusion*

For all of the foregoing reasons, the motions found at [DE 9; DE 20; and DE 25], and the relief requested within, are DENIED. Insofar as Plaintiff requested relief in his miscellaneous notices and motions, [DE 8; DE 10; DE 19; DE 27; DE 28], those requests are also DENIED.

SO ORDERED.

ENTERED: August 6, 2026

/s/ GRETCHEN S. LUND_____
Judge
United States District Court