UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WAVERLY GEORGE GUYTON,<br><br>Plaintiff,<br><br>v.<br><br>SALVADORE VASQUEZ, et al.,<br><br>Defendants. | Case No. 2:26-CV-00282-GSL-JEM |

**OPINION AND ORDER**

On August 10, 2026, Defendants Judge Salvadore Vasquez and Prosecutor Bernard A. Carter ("State Defendants") moved to dismiss this action. [DE 33]. Plaintiff responded in opposition at [DE 35], and State Defendants replied at [DE 39]. Plaintiff filed a supplemental response at [DE 38]. Additionally, Plaintiff filed a sur-reply at [DE 40], and a Supplemental Brief at [DE 52], both with leave of the Court. [DE 41, 51]. The Court has reviewed the briefing and is ready to rule.

**BACKGROUND**

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Salvador Vasquez, Douglas Drummond, Bernard Carter, and the City of Gary, Indiana. [DE 1 at 1]. Plaintiff alleges the deprivation of his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments, and seeks to halt what he deems a "bad faith state criminal prosecution." [*Id.*] Plaintiff's theory of the conspiracy against him is as follows. On June 15, 2023, Lake County prosecutors filed a probable cause affidavit against Plaintiff for battery and residential entry. [DE 1-1 at 3]. When a state judge found no probable cause, the Lake County Prosecutor amended the affidavit to include additional, false information about the battery claim.

[DE 1 at 2; DE 1-1 at 5]. Prosecutors used that fabrication to initiate a fraudulent prosecution meant to strip Plaintiff of his constitutional rights. [*See* DE 1].

Three years of state court proceedings followed,[1] throughout which Plaintiff alleges prosecutors acted "in bad faith and for the purpose of harassment." [DE 1 at 1]. He claims that Defendants have "suppress[ed] exculpatory evidence" by skipping depositions and denying Plaintiff access to "unredacted original case files … investigated by Sergeant Douglas Drummond." [DE 1 at 2; DE 1-1 at 35-36]. And Plaintiff says a conflict of interest underlies the state proceeding because Defendant Drummond is the Homeowner's Association President "where prominent judicial staff and state court personnel reside." [*Id.* at 2].

As a result, Plaintiff initiated this case on June 22, 2026. [DE 1 at 1]. Plaintiff alleges that the probable cause affidavit, discovery "blockade," and HOA conflict violate his rights under the Fourth, Sixth, and Fourteenth Amendments. [*Id.* at 2]. In support, Plaintiff attached to his pleading portions of the state court docket, the probable cause affidavits, a document listing Defendant Drummond as the HOA President, transcripts showing the non-appearance of Defendant Drummond at a May 2026 deposition, an Indiana Supreme Court Order denying Plaintiff's June 2026 mandamus petition, and Plaintiff's subpoena to the Gary Police Department. [*See* DE 1-1 at 1-36]. Plaintiff seeks declaratory and injunctive relief enjoining the state proceedings. [DE 1 at 3].

---

[1] State Defendants ask that this Court take judicial notice of the pending state case docket, *State of Indiana v. Waverly George Guyton*, Cause No. 45G01-2305-F5-000247 ("State Docket"). [DE 34 at 4 & n.3]. A court may "take judicial notice of matters of public record, including court filings and documents from the ongoing state court proceedings incorporated into the federal complaint." *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021). As State Defendants note, "[t]he most frequent use of judicial notice … is in noticing the contents of court records." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (citation omitted); [DE 34 at 8]. Given its relevance and reliability, the Court takes notice of the chronological case summary for Plaintiff's state proceeding.

State Defendants Vasquez and Carter moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on August 10, 2026. [DE 33]. They argue that the doctrines of judicial and prosecutorial immunity, *Younger* and *Rooker-Feldman* abstention, sovereign immunity, and the Indiana Tort Claims Act, each independently mandate dismissal. [DE 34 at 7-18]. Plaintiff maintains that exceptions to these doctrines apply, and that he has pleaded facts of a "conflict of interest and … misconduct" sufficient to survive a motion to dismiss. [DE 35 at 1-4]

## LEGAL STANDARD

A party may move for dismissal when a court lacks jurisdiction over a case's subject matter. Fed. R. Civ. P. 12(b)(1). Jurisdictional challenges based on abstention doctrines are generally proper under a Rule 12(b)(1) motion. *See, e.g.*, *Howell v. Manitowoc Cnty. Hum. Servs.*, 2023 WL 6492083, at *1 (7th Cir. Oct. 5, 2023) (affirming 12(b)(1) dismissal under abstention doctrine). The burden of proof rests with the party invoking jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). When reviewing a 12(b)(1) motion, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)).

## DISCUSSION

Although the State Defendants' Motion describes at least six grounds for dismissal, the Court need only address one. The *Younger* abstention doctrine "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). Based in "principles of equity, comity, and federalism," *SKS & Assocs., Inc. v. Dart*, 619 F.3d

674, 676 (7th Cir. 2010), *Younger* abstention guards the fundamental precept that state courts should "try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The doctrine is "especially strong" where state proceedings are criminal. *O'Keefe v. Chisholm*, 769 F.3d 936, 940 (7th Cir. 2014).

*Younger* applies—and a federal court may not exercise jurisdiction—where a plaintiff's claim attacks (1) an ongoing state proceeding; (2) involving important state interests; (3) where the state proceeding "provides the plaintiff an adequate opportunity to raise the federal claims." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). A court will "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *FreeEats.com*, 502 F.3d at 598 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Accordingly, claims that can be litigated in state proceedings (such as through state motions or the appellate process) should be dismissed. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Plaintiff's claims plainly concern an ongoing state proceeding that involves important state interests. Plaintiff challenges a felony prosecution, and it is undisputed that "[c]riminal prosecution is an important state interest." *Herzberg v. State of Ind.*, 2005 WL 1653993, at *2 (N.D. Ind. July 1, 2005); *see also FreeEats.com*, 502 F.3d at 595 & n.5. And Plaintiff's criminal case is ongoing. Parties are currently briefing Plaintiff's motion to stay and have a hearing scheduled in one month. *See* State Docket, *Order on Hearing* (Oct. 30, 2026); [DE 52 at 2-3]. Because Plaintiff asks the Court to enjoin, and declare unconstitutional, that state proceeding, his claims fall at the very heart of the *Younger* doctrine. [DE 1 at 3].

State Defendants also correctly argue that the state proceeding offers "adequate opportunity" to address Plaintiff's claims. [DE 34 at 10]; *see also Ewell*, 853 F.3d at 916.

Plaintiff seeks relief from a "fabricated" probable cause affidavit, discovery non-compliance, and a potential conflict of interest. [DE 1 at 2-3]. Each of these issues can be addressed in state court. Indeed, a review of the docket indicates that the state court has already reviewed one request for a *Franks* hearing. *See* State Docket, *Order Denying Verified Omnibus Motion* (Oct. 26, 2026). Additionally, Plaintiff has already sought interlocutory review from the Indiana Supreme Court. [DE 1-1 at 33]. Plaintiff's disagreement with the outcome of these claims does not mean Plaintiff lacked "adequate opportunity" to raise them. Nor does it mean Plaintiff cannot seek further relief in future proceedings, or, if necessary, upon appeal.

*Younger* therefore applies and plainly counsels in favor of abstention. Yet a party may still evade *Younger* dismissal where, as Plaintiff argues here, "extraordinary circumstances exist." *Olsson v. O'Malley*, 352 F. App'x 92, 94 (7th Cir. 2009). Extraordinary circumstances exist where a plaintiff plausibly alleges that "the pending state proceeding is motivated by a desire to harass or is conducted in bad faith, or when the federal plaintiff demonstrates an extraordinarily pressing need for immediate equitable relief to avoid an irreparable injury." *Id.* That showing must be specific and "sufficiently developed to allow the court to make a realistic assessment of [bad faith or harassment]." *Tr. & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 297 (7th Cir. 1994). "Conclusory assertions of bias or harassment are insufficient to bring the bad faith exception into play." *Murphy v. Allen Cnty. DCS/CASA*, 2024 WL 992245, at *8 (N.D. Ind. Feb. 14, 2024) (citing *Brown v. Consol. City of Indianapolis*, 2006 WL 8448164, at *3 (S.D. Ind. June 20, 2006)).

Here, Plaintiff argues that the bad faith exception applies because of the state's "fabrication" and "denial of exculpatory evidence." [DE 35 at 2]. But those are precisely the sort of conclusory statements that lack the "specific evidence" necessary to overcome abstention.

*Arkebauer v. Kiley*, 985 F.2d 1351, 1359 (7th Cir. 1993). The attachments to the pleadings fare no better. Concerning his Fourth Amendment claim, Plaintiff simply attaches a probable cause affidavit and states that it has "fabricated elements." [DE 1 at 2; DE 1-1 at 5]. On the Sixth Amendment claim, Plaintiff alleges a "coordinated … blockade" by attaching transcripts showing Defendant Drummond and an individual not named in this federal lawsuit did not appear for a deposition. [DE 1 at 2; DE 1-1 at 8-31]. The fact that a defendant skipped a deposition may merit a discovery hearing or even sanctions—but it does not evidence a bad faith or harassing prosecution, nor an "extraordinarily pressing need for immediate equitable relief." *Olsson*, 352 F. App'x at 94.

Plaintiff's claims thus concern his ongoing state proceeding and do not fall into *Younger*'s bad faith or harassing prosecution exceptions. Abstention is appropriate, and Plaintiff's claims will be dismissed under 12(b)(1). Because the *Younger* issue is dispositive, the Court need not address the State Defendants' other grounds for dismissal.

## CONCLUSION

For all of these reasons, the Court **GRANTS** State Defendants' Motion to Dismiss [DE 33]. Plaintiff's claims are **DISMISSED** without prejudice as to Defendants Salvadore Vasquez and Bernard A. Carter. The claims against Defendants Drummond and the City of Gary remain pending.

SO ORDERED.

ENTERED: November 13, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court